LLOMPART ET AL., PLAINTIFFS AND APPELLEES, *v.* DÍAZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in an Action for the Foreclosure of a Mortgage.

No. 2003.—Decided March 5, 1920.

MORTGAGE—FORECLOSURE—DESIGNATION OF HEIRS.—Catalina Prats, widow of Llompart, having been designated as the sole heir of her son, Jaime Llompart Prats, a certain mortgage created by Juana Borrás in favor of Llompart Prats was recorded in the registry in her name by title of inheritance. Several children of Llompart Prats, who were thereafter adjudged to be his acknowledged illegitimate children, brought an action against the present owner of the mortgaged property to recover the credit originally created in favor of Llompart Prats. On appeal from the judgment for the plaintiffs it was *Held:* That as the annulment of the designation of Catalina Prats as heir and of the record of the mortgage in her name in the registry had not been previously obtained, an action for recovery on the mortgage can not be maintained by persons distinct from Catalina Prats.

The facts are stated in the opinion.
*Messrs. R. Arce* and *M. Tous Soto* for the appellees.
*Messrs. F. González* and *A. Mena* for the appellant.

MR. JUSTICE ALDREY delivered the opinion of the court.

By a public deed executed in the year 1902 Juana Borrás acknowledged a debt to Jaime Llompart Prats of a certain sum of money and to secure its payment created a mortgage on a house belonging to her in Caguas. The mortgage was recorded in the registry of property in favor of the mortgagee. The mortgagee having died in December, 1905, his

mother, Catalina Prats, widow of Llompart, was designated as his heir by a court order of March 7, 1906, which was recorded in the registry of property as to the said mortgage credit and is still recorded in her name, as appears from the record before us.

The brothers and sisters Antero, Natalio, Andrea and Concepción Llompart y Pereira brought and action of filiation against Catalina Prats, widow of Llompart, and final judgment was entered on March 4, 1909, holding that the facts and the law were in favor of the plaintiffs, the acknowledged illegitimate children of the deceased Jaime Llompart Prats, with all the rights inherent to such filiation.

Thereafter, on November 9, 1917, the said brothers and sisters brought an ordinary action against Isolina Díaz Rodríguez, the present owner of the mortgaged property, to recover from her the amount secured by the said mortgage, alleging that it had not been paid and that the mortgagee had died intestate and unmarried without leaving any legitimate or legitimated descendants or any other illegitimate and acknowledged natural descendants than the plaintiffs who were begotten by him with Rosalía Pereira. Judgment was entered in this suit that the defendant pay the sums claimed and from that judgment the said defendant took the present appeal.

Without considering all the questions raised by the appellant, it will suffice to say that the record presents the question of whether the designation of Llompart's lawful mother as his heir by the court's order of March 7, 1906, or prior to the action of filiation, can be declared null and void so that Llompart's children may recover a mortgage credit belonging to their deceased father and now recorded in favor of Catalina Prats, widow of Llompart, without first obtaining the annulment of that designation and the cancelation of its record after hearing the party so designated as heir.

The said heir is not a party to this action. The record

in her name of the mortgage has not been canceled in the registry of property, and until that record is canceled, after hearing the mother, the mortgage credit cannot be collected by anyone but her. If the defendant should pay to the plaintiffs the sums claimed by them and secured by the mortgage, the registrar would not cancel the mortgage in his books because it was not paid to Catalina Prats, who, according to the registry, is the mortgagee.

Our decision in *Méndez* v. *Martínez,* 26 P. R. R. 87, is not applicable to the case at bar because that case did not involve the annulment of the designation of Víctor Martínez as heir, who continued to be such heir together with the minor children of Cecilia Méndez.

For the foregoing reasons the judgment appealed from must be

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.